# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBBIE DALE SIMMONS,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 13-406-FHS-KEW ) |
| **ROBERT PATTON, DOC Director,** | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction and sentence in Pontotoc County District Court Case No. CF-10-309 for Possession of a Controlled Substance within 1,000 Feet of a School.

The respondent has filed a motion to dismiss, alleging the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on November 21, 2011, petitioner entered a plea of *nolo contendere* in Case No. CF-2010-309, and his Judgment and Sentence was entered on December 15, 2011. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on December 25, 2011, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His statutory year, therefore, began on December 26, 2011, and expired on December 26, 2012.

On March 9, 2012, petitioner filed an application for judicial review in the state district court, and on August 13, 2012, he filed a motion for sentence clarification/modification. The Pontotoc County District Court denied both motions on November 19, 2012. On January 11, 2013, petitioner filed an application for post-conviction relief which was denied on March 5, 2013. The Oklahoma Court of Criminal Appeals affirmed the denial of relief on July 18, 2013, in Case No. PC-2013-246. This federal petition for a writ of habeas corpus was filed on September 9, 2013.

Under § 2254(d) petitioner had one year from the date his conviction became final, or until December 26, 2012, to file a federal habeas petition. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Because petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Therefore, this habeas petition, filed on September 9, 2013 was untimely.

Petitioner argues that his motion for judicial review, filed during the statutory one-year period should toll the limitation period, because it was "intertwined" with his claim of ineffective assistance of counsel. The Tenth Circuit Court of Appeals, however, has held that a motion for judicial review is not collateral relief, as contemplated by Congress, so such motions do not toll the limitation period. *Phillips v. Addison*, No. 11-5100, 448 Fed. Appx. 817, 819, 2011 WL 5068099, at *1 n.1 (10th Cir. Oct. 26, 2011) (unpublished opinion).

Petitioner also contends the limitation period should be equitably tolled, because he actively pursued his judicial remedies, but he filed defective pleadings during the statutory period. It is well established that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Here, the court finds petitioner's circumstances do not warrant tolling, and he has not demonstrated due diligence in pursuing his federal habeas claims. *See Miller v. Mars*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

3

**ACCORDINGLY,** the respondent's motion to dismiss time barred petition (Docket No. 5) is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 27th day of May, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma